

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 20, 1963

Honorable Jesse James
State Treasurer of Texas
Capitol Station
Austin, Texas 78711

Opinion No. C-200

Re: Questions relating to the
effect of Article 4.08,
Texas Insurance Code

Dear Mr. James:

You have requested the opinion of this office regarding Senate Bill 337, Acts 58th Legislature, Regular Session 1963, chapter 333, page 865, which has been codified as Article 4.08 of the Texas Insurance Code. The questions which you ask are as follows:

"1. Do the provisions of Section 13, Art. 4.08 Texas Insurance Code, referred to above, exempt life insurance companies which do business in Texas from the filing of reports required by Article 3272a, R.C.S., for the period between January 6, 1962 and August 23, 1963?

"2. If your answer to question No. 1 is affirmative, will the provisions of said Art. 4.08 Insurance Code, nullify the reports that have been made to this office by life insurance companies between January 6, 1962 and August 23, 1963, under the provisions of Article 3272a, R.C.S., even though Art. 4.08 Texas Insurance Code was not effective until August 23, 1963?

"3. Do the provisions of said Art. 4.08 Texas Insurance Code, exempt life insurance companies from filing future reports under the provision of Article 3272a, on all property contemplated by Article 3272a, or only on such property

that is defined in Section 3, Art. 4.08 Texas Insurance Code?

"4. Under the provisions of Art. 4.08, Texas Insurance Code, are all insurance companies, including Texas Chartered companies, required to report on unclaimed funds as defined in Section 3, only if, according to the records of the company, the last known address of the person entitled to such funds is within this State?

"5. Do the provisions of Art. 4.08 Texas Insurance Code cover 'unclaimed funds' as defined therein, and held by life insurance companies, on which there is no record of an address?"

Under the provisions of Section 1 of Article 3272a, Vernon's Civil Statutes, every person holding property subject to escheat upon the effective date of such Article was required to file a report thereof within sixty (60) days after the effective date, and after filing such initial report, is required to file a report on an annual basis on or before May 1st of each year. Article 3272a became effective on November 7, 1961, consequently, the dates upon which reports have been due under such Article are January 6, 1962, and May 1, 1963.

Section 13 of Article 4.08, Texas Insurance Code, reads as follows:

"No other Statute of this State relating to escheat or unclaimed funds now in force shall apply to life insurance companies, nor shall any such Statute hereafter enacted so apply unless specifically made applicable by its terms; provided that Article 3272a, House Bill No. 5, Acts of the 57th Legislature, First Called Session, shall be in force as to personal property subject to escheat reported or required to be reported by January 6, 1962, under the terms of said Act and the provisions of Section 8 hereof shall be applicable in such cases."

Article 4.08 was passed by the House of Representatives on a non-record vote and, as a consequence, did not become effective until 90 days after the adjournment of the Legislature on May 24, 1963; i.e., August 23, 1963. Therefore, Section 13 of Article 4.08 was not in effect on May 1, 1963, when annual reports were due to be filed under Article 3272a. In fact, Article 4.08 had not even been enacted by the Legislature on May 1, 1963, final passage in the House having

occurred on May 8, 1963. Therefore, all persons, including life insurance companies, holding property subject to escheat were obligated to report such property to the State Treasurer of Texas under the provisions of Article 3272a on or before May 1, 1963, and, upon compliance by the State with the provisions of Article 3272a relating to processing of such reports and entry of judgment thereon, would be obligated to tender such property to the custody of the State Treasurer of Texas.

The primary question which we must answer is whether Section 13 of Article 4.08 effectively released life insurance companies from the obligations which existed under Article 3272a on May 1, 1963, and thereafter up until the date Article 4.08 became effective.

The plain language of Section 13, of Article 4.08 purports to have the effect of so relieving life insurance companies; however, this provision is, in our opinion, within the prohibition of Article III, Section 55 of the Texas Constitution, which provides as follows:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

In so concluding, we rely upon State v. Pioneer Oil Refining Co., 292 S.W. 869 (Tex.Comm.App. 1927) as announcing the rule of law to be applied in this case. In that case a taxing statute had been passed by the legislature, the terms of which required that "the first report and payment required under this act shall be made on or before May 25, 1923". This act became effective on April 1, 1923. Thereafter, the Legislature, in Called Session, enacted a statute covering the same subject matter and persons and therein repealed the prior statute. The second statute became effective June 1, 1923. The Attorney General brought suit to recover taxes alleged to have accrued for the months of April and May 1923 under the terms of the first statute. The Commission of Appeals held that the tax which fell due under the first statute could not be relinquished or extinguished by the

Legislature. The following quotations from the opinion, at the pages indicated, are appropriate to our holding.

Page 871:

"If the statute first mentioned competently levied a tax, that tax became due, and liability therefor matured, on May 25, 1923, in respect to the 'first report and payment'. This is made plain by the terms of the act fixing that date for 'report and payment,' and providing penalties, etc., for default. There is in the opinion of the Court of Civil Appeals a statement or implication to the effect that the claims were inchoate because the reports had not been made; but, in our opinion, no such effect can be given the taxpayers' delinquency, for that would mean the citizen who obeyed the law would be disfavorably circumstanced as compared with the citizen who disobeyed. . . ."

Page 872:

". . .The general rule, 'that when a right depends solely upon a statute which is repealed, the right ceases to exist,' must be taken with its own limitation. In the present case the right is not inchoate, for nothing remained to be done to mature the tax; and it does not 'depend solely' upon a 'statute which is repealed,' for, having once become a liability, its irrevocable nature finds source in the constitutional provision."

Page 874:

"Accordingly, we hold, there became due and matured on May 25, 1923, a tax liability measured by the gallonage involved in all intrastate sales (excluding such, if any, as may have been made for purposes other than immediate or ultimate 'consumption'), and this liability the Legislature did not (because it could not) release or extinguish by the repeal which took effect June 1, 1923."

The rule is tersely stated by the Supreme Court of Texas at page 742 in State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737 (1960):

"After the occurrence of events which under the law then existing give rise to an obligation on the part of an individual or corporation to the state, the Legislature has no power to release or diminish that obligation without consideration. . . ."

We therefore hold that Section 13 of Article 4.08, Texas Insurance Code, is unconstitutional in so far as it purports to extinguish the effect of Article 3272a upon life insurance companies prior to August 23, 1963.

Your first question is answered in the negative and you are advised that Section 13 of Article 4.08, Texas Insurance Code, does not exempt life insurance companies which do business in Texas from filing reports required by Article 3272a. Vernon's Civil Statutes for the period between January 6, 1962 and August 23, 1963.

Since we have answered your first question in the negative, it becomes unnecessary to answer your second question.

The plain and unequivocal language of the first phrase of Section 13 of Article 4.08 evinces the intent of the Legislature to exempt life insurance companies from all other statutes relating to escheat or unclaimed funds. Due to the consitutional prohibition which we discussed in regard to your first question, this exemption is effective from and after the effective date of Article 4.08. This exemption is without regard to the definition of unclaimed funds contained in Section 3 of Article 4.08 and such definition is not a limitation upon the exemption. Therefore, in answer to your third question, you are advised that Section 13 of Article 4.08 exempt life insurance companies from filing future reports under Article 3272a on all property, regardless of its nature.

The scope of Article 4.08 is set forth in Section 2 thereof in the following language:

"Sec. 2. Scope. - This Article shall apply to unclaimed funds, as defined in Section 3 hereof, of any life insurance company doing business in this state where the last known address, according to the records of such company, of the person entitled to such funds is within this state, . . . ." (Emphasis added)

We answer your fourth question by stating that: unclaimed funds as defined in Section 3 of Article 4.08 are required to be reported under Article 4.08 only if the last known address, according to the records of the company, of the person entitled to such unclaimed funds is within the State of Texas.

There being no provision for reporting unclaimed funds under Article 4.08 where the address of the person entitled to such funds is unknown and the scope of Article 4.08 being specifically limited by Section 2, you are advised, in answer to your fifth question, that such funds are not covered by Article 4.08.

### SUMMARY

That portion of Section 13 of Article 4.08, Texas Insurance Code, which attempts to exempt life insurance companies from the operation of Article 3272a, Vernon's Civil Statutes, for the period between January 6, 1962 and the effective date of Article 4.08 on August 23, 1963 is unconstitutional under Article III, Section 55 of the Texas Constitution; Article 4.08 exempts all life insurance companies from filing all reports required under Article 3272a from and after the effective date of Article 4.08; Article 4.08 required only the reporting of unclaimed funds where the last known address of the person entitled to such funds is within the State of Texas and where there is no record of an address, such funds need not be reported.

Very truly yours,

WAGGONER CARR
Attorney General

By W. O. Shultz
W. O. Shultz
Assistant Attorney General

WOS:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
James Strock
John Reeves
J. C. Davis
J. S. Bracewell

APPROVED FOR THE ATTORNEY GENERAL
By:  H. Grady Chandler